UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS SAMUEL JESSOP,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES SUPERIOR COURT, et al,<br><br>Defendants. | Case No. 2:25-cv-12315-SPG-DTB<br><br>**ORDER TO SHOW CAUSE REGARDING FAILURE TO UPDATE ADDRESS** |

On December 8, 2025, Plaintiff Douglas Samuel Jessop ("Plaintiff"), proceeding pro se, filed a Civil Rights filed a Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket No. 1), along with a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Application") (Docket No. 2).

On January 13, 2026, the Court postponed the ruling on Plaintiff's IFP Application to allow Plaintiff to submit a certified copy of his trust fund statement for the last six months. (Docket No. 5).

Rather than providing the Court with a certified copy of his trust fund statement, Plaintiff filed a 24 page document with the Court which the Court

construed as Correspondence. (Docket No. 6). Plaintiff's Correspondence consisted of a handwritten two page letter which discussed Plaintiff's federal habeas corpus grounds, a civil rights complaint without a caption, a minute order from his pending habeas action wherein he was granted in forma pauperis, commissary receipts, and a certification for his "petition and civil lawsuit."

Pursuant to the Order on Request to Proceed in Forma Pauperis (Docket No. 5), Plaintiff was advised that he had not submitted enough information for the Court to tell if he was able to prepay the full filing fee. The Certificate of Authorized Officer was not completed, nor was the Court provided with a certified copy of Plaintiff's trust account statement for the last six months preceding the filing of his Complaint. Plaintiff was advised that his Correspondence (Docket No. 6) was insufficient and not what Plaintiff was ordered to file. (Docket No. 7).

As Plaintiff failed to provide the Court with a certified copy of his trust fund statement, the Court issued a Report and Recommendation ("R&R") on March 31, 2026, wherein it recommended the denial of Plaintiff's IFP Application. (Docket No. 8).

On April 7, 2026, the District Judge issued an Order accepting the R&R ("April 7, 2026 Order") and this matter was closed. (Docket No. 9). On May 11, 2026, the Court's April 7, 2026 Order was returned from his place of incarceration marked as "Released." (Docket No. 10).

On May 14, 2026, Plaintiff filed correspondence with the Court (Docket No. 11), wherein he provided his new address. As Plaintiff was transferred to Metro State Hospital, he did not receive the Court's April 7, 2026 Order. In light of the same, the Clerk was directed to reopen this matter, and provide Plaintiff with a duplicate copy of the Court's Orders (Docket Nos. 5, 7, 8, 9) for his records. (Docket No. 12).

/ / /

On June 15, 2026, Plaintiff filed Correspondence with the Court regarding his IFP Application. (Docket No. 14).

On June 24, 2026, the Court granted Plaintiff's IFP Application ("June 24, 2026 Order") and Plaintiff was ordered to pay an initial partial filing fee in the amount of $3.11. (Docket No. 15). On July 17, 2026, the Court's June 24, 2026 Order was returned from his place of incarceration marked as "Return to Sender – Not Deliverable as Addressed – Unable to Forward." (Docket No. 17).

On July 21, 2026, the Court directed the Clerk to mail a duplicate copy of the Court's June 24, 2026 Order (Docket No. 15) to Plaintiff and, *sua sponte*, extended Plaintiff's time up to and including August 21, 2026 to pay the $3.11 initial partial filing fee ("July 21, 2026 Order"). (Docket No. 18).

On August 17, 2026, the duplicate copy of the Court's June 24, 2026 Order and the Court's July, 21, 2026 Order both were returned from his place of incarceration marked as "Return to Sender –Unable to Forward." (Docket Nos. 19, 20).

Pro se litigants are required to keep the Court and opposing parties apprised of their current address. Central District of California Local Rule 41-6. Therefore, Plaintiff is ordered to show cause why this action should not be dismissed for lack of prosecution and failing to comply with the Court's Local Rules. Plaintiff may alternatively file a Notice of Change of Address to discharge this Order to Show Cause. Plaintiff's response is due no later than **September 25, 2026.**

**Plaintiff is hereby cautioned that failing to comply with this Order will result in the recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's Local Rules.**

Dated: August 25, 2026

DAVID T. BRISTOW
United States Magistrate Judge